UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND AND TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND,**
**8000 Corporate Drive**
**Landover, MD 20785,**

**Plaintiffs,**

v. **C.A. NO.:**

**ALLIANCE FIRE PROTECTION, L.L.C.**
**890 Phelps Road**
**Kalkaska, MI 49690**

**Serve: Jason A. Hunt, Registered Agent**
**890 Phelps Road**
**Kalkaska, MI 49690**

**Defendant.**

**COMPLAINT**

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COMPEL AN AUDIT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)**

**Jurisdiction**

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions

representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**Parties**

2. Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund and Sprinkler Industry Supplemental Pension Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 (hereinafter "Local 669") and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3. Defendant Alliance Fire Protection, L.L.C. is a corporation existing under the laws of the State of Michigan with offices located in Michigan. Defendant transacts business in the State of Michigan as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4. Defendant entered into a Collective Bargaining Agreement with Local 669 establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters

employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of January 1, 2010 through the present.

7. Defendant is bound to the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8. Pursuant to the Defendant's Collective Bargaining Agreement with Local 669, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the NASI Funds.

9. During the months of September, October and November 2013, the NASI Funds' auditor attempted to conduct an audit of the Defendant's books and wage records by reviewing said records for the period of January 1, 2010 through the date of the audit.

10. Defendant refused access to the company's records that were requested by the NASI Funds' auditor for the period of January 1, 2010 through the date of the audit.

11. The NASI Funds' auditor requested these records to determine if any amounts are due to the NASI Funds for the period of January 1, 2010 through the date of the audit.

12. Pursuant to the above-mentioned Collective Bargaining Agreement, Trust Agreements and the Guidelines, Defendant is required to submit to the NASI Funds the records

that were requested by the NASI Funds' auditor.

13. Defendant continues to refuse access to the records that were requested by the NASI Funds' auditor.

14. The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A. That this Court enforce the terms of the Plan and order Defendant to permit a complete audit of its wage and payroll records, as provided for in the Plan documents for the period of January 1, 2010 through the date of the audit.

B. That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C. That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By ______________________
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

238109_1.DOC

**CERTIFICATE OF SERVICE**

This is to certify that on this 30th day of October 2013 a copy of the foregoing Complaint was sent by certified mail, postage prepaid to:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224
Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTENTION: Assistant Solicitor for
Plan Benefits Security

Charles W. Gilligan

238109_1.DOC